# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 993 | **DATE** | 6/26/2003 |
| **CASE TITLE** | CEDRIC DUPREE vs. STEVEN MOTE | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Respondent's motion to dismiss is granted. Petitioner's writ of habeas corpus is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | **Document Number** |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUN 3 0 2003 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 18 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 03 JUN 27 PM 7:04 FILED-ED TO Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials | |

**DOCKETED**

JUN 3 0 2003

CEDRIC DUPREE,                          )
                                        )
    Petitioner,                    )
                                        )    No. 03 C 0993
    v.                             )
                                        )    Judge John W. Darrah
STEVEN MOTE, Warden,                    )
                                        )
    Respondent.                    )

## MEMORANDUM OPINION AND ORDER

Petitioner, Cedric Dupree ("Dupree"), seeks a writ of habeas corpus against the Pontiac Correctional Center Warden, Steven Mote ("Respondent"), pursuant to 28 U.S.C. § 2254. Dupree raises two grounds for relief: (1) deprivation of due process because he has been denied the right to an appeal and (2) deprivation of due process because one of his sentences was amended without notice to Dupree of such amendment. Presently before the Court is Respondent's Motion to Dismiss on grounds of failure to exhaust state remedies.

Dupree was charged with theft by deception in February 1997 in Cook County, Illinois (Case No. 97-CR-4800). A jury was selected on June 18, 1997. Dupree was informed by the trial court judge that he was required to appear in court when his case was on trial and that he could be tried and sentenced in his absence should he choose not to appear. The jury trial began on June 19, 1997, at which time Dupree failed to appear. That same day, the jury returned a verdict of guilty. In July 1997, Dupree was sentenced *in absentia* to ten years' imprisonment.

In June 1998, Dupree was convicted in Rock Island County of false personation of a peace officer (Case No. 97-CF-662). The Judgment - Sentence Report dated April 6, 1998, for Case No. 97-CF-662 states that Dupree was sentenced to five years' incarceration concurrent with the sentence

18

imposed in Case No. 97-CR-4800. A December 12, 2002 First Amended Judgement - Sentence states that the sentence is to be served consecutive with the sentence imposed in Case No. 97-CR-4800.

## Deprivation of Due Process By Denial of Right to Appeal

In September 1998, Dupree filed his Notice of Appeal in Case No. 97-CR-4800 in the First District Illinois Appellate Court ("Appellate Court"). In the appeal, Dupree raised seven issues: (1) whether Dupree was prejudiced by the admission of prejudicial and excessive evidence; (2) whether the trial court improperly refused to instruct the jury that Dupree's absence from the trial should be given no weight; (3) whether Dupree was denied a fair trial when the State argued that his fleeing the scene of the crime demonstrated guilt; (4) whether the trial court improperly allowed witnesses to testify that Dupree improperly acted as an attorney; (5) whether the State failed to meet its burden of providing evidence of Dupree's intent; (6) whether the State made an improper closing argument; and (7) whether Dupree's extended sentence was excessive.

The appeal was fully briefed in September 2000; and oral arguments were held on November 8, 2000. On March 19, 2002, Dupree filed a motion with the Appellate Court seeking an expedited decision. On April 18, 2002, the motion was granted. After still not receiving a decision, Dupree filed another motion for an expedited decision in early 2003.

Petitioner filed the instant action on February 10, 2003, alleging as grounds, *inter alia*, the failure of the Appellate Court to rule on his appeal. Respondent filed this Motion to Dismiss. After the parties completed the briefs on the Motion to Dismiss before this Court, the Appellate Court had not yet issued an opinion on the appeal. However, on May 20, 2003, the Appellate Court issued an opinion on the appeal, affirming Dupree's conviction and sentence. *Illinois v. Dupree*, __ Ill. App.

2

3d ___, 2003 WL 21180123 (Ill. App. Ct. May 20, 2003).

A habeas petitioner must exhaust his state remedies before a federal court can consider his claim. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, Section 2254(b) provides two exceptions to the exhaustion requirement: (1) when there exists no state corrective process and (2) when circumstances render the state process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). A state corrective process may be rendered ineffective if undue delay is inordinate and unjustified. *See Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981). However, a prisoner's claim for habeas corpus relief based on the state court's delay in processing his appeal is moot once the state court decides the appeal. *See Allen v. Duckworth*, 6 F.3d 458, 460 (7th Cir. 1993) *(Allen)*; *Potts v. Brown*, 2002 WL 1972243 (N.D. Ill. Aug. 27, 2002).

Here, Dupree's first claim is moot because the state court has ruled on his appeal, and he would gain nothing if he won this claim. Accordingly, Dupree's first claim is dismissed without prejudice. *See Allen*, 6 F.3d at 460; *Potts*, 2002 WL at * 2.

### Deprivation of Due Process by Amending Sentencing Without Notice

As to Dupree's second claim, which pertains to Case No. 97-CF-662, Dupree asserts error in the amendment of his sentence. The documents that Dupree has filed with the Court indicate that Dupree has not appealed his sentence or the amendment to his sentence to the Illinois Appellate Court. Furthermore, he is still presently seeking review of the amended sentencing order in the circuit court as demonstrated by the motion/correspondence he has filed in January and March of 2003. Accordingly, Dupree has not exhausted his state remedies; and his second claim is dismissed without prejudice.

3

For the foregoing reasons, Respondent's Motion to Dismiss is granted. Petitioner's writ of habeas corpus is dismissed without prejudice.

Dated: June 26, 2003

JOHN W. DARRAH
United States District Judge